PEARSON, J.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HANDEL'S ENTERPRISES, INC., | ) |
| Plaintiff, | ) CASE NO. 4:18CV508 |
| v. | ) JUDGE BENITA Y. PEARSON |
| KENNETH S. SCHULENBURG, *et al.*, | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND ORDER** [Resolving ECF No. 50] |

Pending is Defendants' Motion to stay the preliminary injunction (ECF No. 43) pending appeal. ECF No. 50. Defendants (Kenneth S. Schulenburg, Juliana Ortiz, and Moonlight101, Inc.) contend that they have "a substantial likelihood of prevailing on the merits" of their interlocutory appeal, and pursuant to Fed. R. Civ. Pro. 62(c), they move the Court to stay the enforcement of the injunction until the appeal is resolved. Plaintiff Handel's Enterprises, Inc., responded, arguing that Defendants are not likely to succeed on the merits of their appeal, an injunction will not cause irreparable harm, and other equitable considerations weigh against a stay. ECF No. 52. Defendants did not file a reply brief.

For the reasons given below, Defendants' motion is denied.

## I. Background

The factual background in this case is provided in the Court's Memorandum of Opinion and Order dated June 22, 2018. ECF No. 42 at PageID#: 1188-92. On October 14, 2015,

(4:18CV508)

Plaintiff Handel's, an ice cream parlor chain, and Defendant Mr. Schulenburg executed a Franchise Agreement, by the terms of which Mr. Schulenburg would operate a franchise in Encinitas, California for an initial period of five years. *Id.* at PageID#: 1189. Mr. Schulenburg agreed to "maintain the absolute confidentiality" of Handel's trade secret information and "to not compete with Handel's both during the time that he is a franchisee and for a period of two years following the termination of the Agreement." *Id.*

In mid-2017, after some back and forth with Handel's, Mr. Schulenburg resolved to open another ice cream parlor in the Gaslamp Quarter of San Diego, California. *Id.* at PageID#: 1190. Handel's did not approve development of the Gaslamp location, and Mr. Schulenburg refused to pay the franchise fee or provide Handel's with a copy of the lease. *Id.* The Gaslamp ice cream parlor was originally slated to open as a second Handel's location, but given Handel's disapproval, Mr. Schulenburg opened the location under a different name, "Cali Cream." ECF No. 48 at PageID#: 1245-46. Defendants assert that, because the Gaslamp location is not a Handel's franchise, it was unnecessary for him to obtain approval from Handel's before opening for business. *See* ECF No. 26 at PageID#: 860.

On March 5, 2018, Handel's asked the Court to preliminarily enjoin Defendants from opening the ice cream parlor in the Gaslamp Quarter. ECF No. 3. While the motion for preliminary injunction was pending, in early May 2018, Defendants opened for business under the name "Cali Cream" in the Gaslamp location. ECF No. 48 at PageID#: 1274. Defendants assert that they operate the Gaslamp location independent of Handel's and with none of Handel's documents, marks, ingredients, suppliers, or processes. ECF No. 26 at PageID#: 860.

(4:18CV508)

On June 22, 2018, after notice to all parties, full briefing, oral argument, and presentation of evidence, the Court issued an Order preliminarily enjoining Defendants from operating the Gaslamp ice cream location. ECF Nos. 42, 43. Defendants appealed the injunction, ECF No. 45, and they ask the Court to stay enforcement of the injunction pending the resolution of their appeal. ECF No. 50.

## II. Standard of Review

"A stay is an intrusion into the ordinary processes of administration and judicial review." Nken v. Holder, 556 U.S. 418, 435 (citation omitted). To determine whether to stay the grant of a preliminary injunction, the Court balances four factors: the movant's likelihood of success on appeal; whether irreparable injury to the movant will result in the absence of a stay; prospective harm to others if a stay is granted; and the public's interest in granting a stay. Dodds v. U.S. Dep't of Educ., 845 F.3d 217, 220-21 (6th Cir. 2016). "The first two factors . . . are the most critical." Nken, 556 U.S. at 434.

In assessing the likelihood of success on appeal, the Court bears in mind that appellate review of an order granting a preliminary injunction "is limited to a determination of whether the District Court abused its discretion." Mason Cty. Med. Ass'n v. Knebel, 563 F.2d 256, 260-61 (6th Cir. 1977). Such an order "is only to be disturbed if it relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." McGirr v. Rehme, 891 F.3d 603, 610 (6th Cir. 2018) (quoting Hunter v. Hamilton Cty. Bd. of Elections, 635 F.3d 219, 233 (6th Cir. 2011)).

(4:18CV508)

The four-factor balancing test in *Nken* closely mirrors the test the Court employs when assessing whether a preliminary injunction is appropriate in the first place. A motion for preliminary injunction "normally requires the court to balance four familiar preliminary injunction factors: (1) the likelihood of success on the merits; (2) irreparable harm absent injunctive relief; (3) substantial harm to others from the proposed injunction; and (4) the broader public interest." *Nat'l Credit Union Administration Bd. v. Jurcevic*, 867 F.3d 616, 622 (6th Cir. 2017). The Court observes that, given the similarity between the two inquiries (whether to grant a preliminary injunction in the first place and whether to stay enforcement of that injunction pending appeal), much of the necessary analysis regarding the pending motion has already been conducted. *See* ECF No. 42.

### III. Analysis

To determine whether to stay the grant of a preliminary injunction, the Court balances four factors: the movant's likelihood of success on appeal; whether irreparable injury to the movant will result in the absence of a stay; prospective harm to others if a stay is granted; and the public's interest in granting a stay. *Dodds v. U.S. Dep't of Educ.*, 845 F.3d 217, 220-21 (6th Cir. 2016). "The first two factors . . . are the most critical." *Nken*, 556 U.S. at 434.

**A. Likelihood of Success on the Merits of the Appeal**

Defendants argue that the Court erred in its legal analysis when it entered a preliminary injunction (ECF No. 42), but they marshal no arguments they did not bring, or could not have brought, when they litigated the motion for preliminary injunction in the first place. *See* ECF No. 50-1. They do not present new facts or suggest there has been some change in controlling

4

(4:18CV508)

law. Rather, they argue that, for all the same reasons they initially presented, "there is a serious question on the merits" of the injunction order. *Id.* at PageID#: 1324. For the reasons given in the Memorandum of Opinion and Order dated June 22, 2018, *see* ECF No. 42, the Court disagrees.

### B. Irreparable Injury to the Movant

Defendants argue that "[i]t may be impossible to ever know the degree to which its nascent business might have grown" but for the injunction entered one month after opening its doors. ECF No. 50-1 at PageID#: 1326. They assert they have lost goodwill, that they are under a "reputational cloud that attends having started a business only to be shuttered after litigation," and that enforcement of the injunction will lead to the death of a market opportunity. *Id.*

Defendants' assertions of irreparable harm are unpersuasive now for the same reason they were unpersuasive before. Any harm caused to Defendants by the injunction is self-inflicted. *See* ECF No. 42 at PageID#: 1201; ECF No. 48 at PageID#: 1274. Handel's filed its complaint and its motion for preliminary injunction on March 5, 2018. ECF Nos. 1, 3. The Court called for a hearing on the preliminary injunction on April 26, 2018. ECF No. 31. Defendants opened the Gaslamp location on May 1 or May 8, 2018. ECF No. 48 at PageID#: 1274 ("It opened . . . for business on Tuesday"). The Court held a hearing on May 9, 2018, and it issued its preliminary-injunction order on June 22, 2018. ECF No. 42. Defendants knew in March that Handel's sought an injunction, and they gambled in May that the motion for a preliminary injunction would not succeed. *See* ECF No. 48 at PageID#: 1274 ("[H]arm, if it should happen, is

5

(4:18CV508)

something that [Defendants are] willing to take on, must have been, when opening the business, knowing that this litigation was ongoing.")

The alternative course would have been for Defendants to wait, resolve their dispute with Handel's, then, if successful, open for business in the Gaslamp Quarter at the conclusion of the litigation. Any harm endured along such a path would have been quantifiable (for example, rent and taxes paid), not irreparable ("reputational cloud," "lost good will," "death of a market opportunity"). *See* ECF No 50-1 at PageID#: 1326. If Defendants have suffered irreparable harm, it is because they invited it. Defendants "cannot place [themselves] in harms (sic) way, and then later claim that an injunction should not issue because of costs which [they] must incur in order to remedy [their] own misconduct." *Midwest Guaranty Bank v. Guaranty Bank*, 270 F. Supp. 2d 900, 924 (E.D. Mich. 2003). Their allegations of harm do not persuade the Court to stay the injunction.

### C. Harm to Others if a Stay Is Granted

The Court has addressed the likelihood of harm to others that might be occasioned by an injunction. ECF No. 42 at PageID#: 1200-01. Defendants' motion raises the inverse question: what harm might befall others if the injunction is stayed? Apart from suggesting that any potential harm to Handel's is "speculative," Defendants do not meaningfully suggest an answer to this question. *See* ECF No. 50-1 at PageID#: 1326. With respect to Defendants' contention that harm to Handel's is "speculative," the Court disagrees for the reasons given in its July 22, 2018, Opinion and Order. ECF No. 42 at PageID#: 1193-1200.

### D. Public Interest in Staying the Injunction

(4:18CV508)

Finally, Defendants contend that staying the injunction would serve the public interest because the injunction restrains "legitimate" competition. ECF No. 50-1 at PageID#: 1326. That argument assumes its own conclusion namely, that operating the Gaslamp location would be "legitimate." If Defendants' operation of the Gaslamp location would violate the terms of the Franchise Agreement, then such operation, by definition, would not be "legitimate." The Court has already found that Handel's is likely to succeed on its argument to that effect. *See* ECF No. 42 at PageID#: 1196-99.

As the Court has previously observed, "[e]nforcement of contractual duties is in the public interest." *Id.* at PageID#: 1202; *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007).

### IV.  Conclusion

For the reasons given, Defendants' motion to stay enforcement of the preliminary injunction (ECF No. 50) is denied.


IT IS SO ORDERED.


 October 16, 2018                                  */s/ Benita Y. Pearson*
Date                                                          Benita Y. Pearson
                                                                   United States District Judge